IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY D. HAWKES,**

    **Petitioner,**

**v.**                                     **CIVIL ACTION NO. 2:05CV57**
                                                   **(Judge Maxwell)**

**AL HAYNES, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On July 13, 2005, the *pro se* petitioner, an inmate at FPC Hazelton, filed a Petition for Writ of Habeas Corpus Under Section 2241 By a Person in Federal Custody seeking to have this Court vacate his sentence and release him from custody. This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was sentenced to 262 months imprisonment in the United States District Court for the District of Maryland after being convicted by jury of being a felon in possession of a firearm and possessing with the intent to distribute a mixture of cocaine base and heroin. The petitioner filed an unsuccessful appeal from his conviction and sentence, followed by an unsuccessful §2255 motion. The petitioner also filed a request to file a successive §2255 motion which was denied by the Fourth Circuit.

Now, the petitioner seeks relief pursuant to 28 U.S.C. §2241. In his current petition, the

petitioner alleges that his sentence is unconstitutional in light of United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005) because the sentencing enhancements were not presented to the jury.

As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied and dismissed with prejudice.

### III. ANALYSIS

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded as follows:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

The petitioner believes that he can challenge his conviction via a §2241 petition because he can not file a second or successive §2255 motion, and, therefore, §2255 is an inadequate or ineffective remedy, and because he is actually innocent of the sentence imposed.[1] However, contrary to the petitioner's assertions, the inability to file a second or successive §2255 motion does not render that remedy inadequate or ineffective. See In re Vial, 115 F. 3d at 1194 n.5 (§2255 in not ineffective "because an individual is procedurally barred from filing a § 2255 motion").

Further, there is nothing in the petitioner's §2241 petition which establishes that he meets the Jones requirements. The law has not changed so that his conduct is no longer criminal. Thus, the petitioner clearly does not meet the second prong of Jones. Further, the petitioner is relies on United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). However, that decision is a new rule of constitutional law. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004)(Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004) is a new rule of constitutional law which does not apply retroactively to cases on collateral review). Therefore, the petitioner can not meet the third prong of Jones, supra.

Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this

---

[1] Section 2255 requires that a second or successive motion be certified by a panel of the appropriate court of appeals as containing either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255.

3

Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: September 16, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE